_____

HARRY CARL JOHNSON,

        Plaintiff,                                 Case No.  1:14-cv-1103-RJJ

v.                                         HON. ROBERT J. JONKER

THOMAS MCCARTHY, et al.,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 53) and Plaintiff's Objection to the Report and Recommendation (ECF No. 54). Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself,  Plaintiff's Objections to the Magistrate's Report and Recommendation,

and Defendants' Response to Plaintiff's Objection. After its review, the Court approves and adopts Magistrate Judge Kent's Report and Recommendation as amplified in this Order.

The Report and Recommendation carefully reviews the record and examines the relevant law, and recommends that summary judgment be granted on Counts I, II, III, and IV as to all the Defendants, that Count V be dismissed under 28 U.S.C. § 1367(c)(3), and that this action be terminated (ECF No. 53, PageID.335). Plaintiff does not object to the recommendation regarding his claim for conspiracy under 42 U.S.C. § 1985(3) (Count IV), and so the Court accepts that portion of the Report and Recommendation. Plaintiff objects to the remaining counts, but the Court agrees with the Magistrate Judge that summary judgment is appropriate on those counts. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

Plaintiff's complaint arises out of a police encounter on November 4, 2012, that he says included excessive force. He brings claims for: violation of his substantive due process and equal protection rights under the Fourteenth Amendment; violation of his right to be free of use of excessive force under the Eighth Amendment; civil conspiracy under Section 1985; and assault and battery under Michigan law (ECF No. 1). Defendants moved for summary judgment on all of these claims. The Report and Recommendation recommends that Defendants' motion be granted because the undisputed facts–as confirmed by contemporaneous videotape–show no constitutional violations occurred during the incident at issue, and as a result, no compelling reason exists to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff raises several objections, all of which lack merit. First, Plaintiff alleges several variations of the argument that the Magistrate Judge failed to address his inability to watch the police

videos relevant to his claims. The record belies Plaintiff's claim–the only reason he did not review the videos is that he failed to obtain the approvals he needed from MDOC. Under MDOC policy, in order to arrange for delivery and watch the relevant videos, Plaintiff was required to obtain approval from the relevant authorities because MDOC policy does not allow a prisoner to possess dvds or a dvd player (ECF No. 18-1, 18-2, 18-3, 18-4). Plaintiff never obtained–or even requested–permission (ECF No. 51, PageID.314). Plaintiff does not dispute that MDOC policy prohibits possession of the videos and that he never obtained MDOC approval–or even requested such approval–from the proper authorities. The videos have always been available to Plaintiff; he just failed to make the arrangements to view them. If he had viewed them, he would have seen what the Court saw: the tapes belie Plaintiff's claims. Accordingly, this first objection is overruled.

Second, Plaintiff raises several objections to the merits of the Magistrate Judge's recommendation. These objections, however, are all based on arguments that were not presented to the Magistrate Judge. "[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (citations omitted); *see also Swain v. Comm'r of Social Security*, 379 F. App'x 512, 517-18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (quotation marks omitted). Accordingly, "[a]bsent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the Magistrate Judge." *Pasley v. Oliver*, No. 1:07-cv-583, 2009 WL 4950467, at *1 (W.D. Mich. Dec. 14, 2009) (citing 28 U.S.C. § 631; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *Marshall*, 75 F.3d at 1426-27). Because Plaintiff failed to raise these arguments before the Magistrate Judge, he has waived these objections.

But apart from any procedural waiver, Plaintiff's objections fail on the merits. The Magistrate Judge found that: (1) Officer McCarthy had reasonable suspicion to stop Plaintiff; (2) Officer McCarthy's decision to unholster his gun was reasonable; (3) Officers Host and Wartz had probable cause to arrest Plaintiff; (4) the officers did not apply excessive force to Plaintiff in removing him from his vehicle; and (5) Plaintiff was not stopped and seized because of his race (ECF No. 54, PageID.324-332). Plaintiff's objections to these findings essentially tie in one way or another to the argument that, because he was stopped and seized at gunpoint in a parked car by an open restaurant, he must have been targeted based on his race.

After de novo review of the entire record–including the police videos–the Court finds that the Magistrate Judge's recommendations on the issues listed above are factually sound and legally correct. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate's analysis of these issues is entirely proper. Nothing in Plaintiff's objections persuades the Court otherwise.

The record evidence establishes that Officer McCarthy stopped Plaintiff based on a reasonable belief that Plaintiff's evasive, suspicious movements in a high-crime area in early morning hours meant that criminal activity was afoot. As Officer McCarthy pulled into the Chicken Coop parking lot and was about to pass by Plaintiff's car, he noticed that Plaintiff avoided direct eye contact with him; turned away from him in an unusually extreme position; placed his head "virtually in the lap" of the passenger; and engaged in movement that appeared to be the jamming of an item between the car seats (ECF No. 44-3, PageID.267-268). Based on Plaintiff's behavior and keenly aware of the premises history of the restaurant–which included "many instances of violent crimes including assaults, robberies, and weapons violations, narcotics offenses and intoxicated persons,

destruction of property and crowd control issues"–Officer McCarthy unholstered his gun as he approached Plaintiff's vehicle. *Id.* at PageID.267-268. Fearing that Plaintiff was engaging in criminal activity, Officer McCarthy immediately instructed Plaintiff to place his hands on the steering wheel and keep them there. *Id.* at PageID.268. It was only after Plaintiff moved his hand down between the driver door and his seat–after repeated instructions by Officer McCarthy to keep his hands on the steering wheel–that the officers removed Plaintiff from his car and handcuffed him. In contrast, the record is devoid of any evidence supporting the inference that Plaintiff was stopped and seized because of his race. Accordingly, the Magistrate Judge properly recommended dismissal of Plaintiff's claims and Plaintiff's objections are meritless.

Lastly, Plaintiff objects to the Magistrate Judge's decision not to engage in a qualified immunity analysis and to dismiss the state law claims. Plaintiff's argument is without merit. The Magistrate Judge found that Plaintiff's constitutional rights had not been violated, meaning there was no reason to engage in the qualified immunity analysis and all claims over which this Court had original jurisdiction would be dismissed. Because the Court agrees with the Magistrate Judge's opinion, Plaintiff's objection is overruled.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 53) is adopted.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 43) is **GRANTED**.

This case is **DISMISSED**.

**IT IS SO ORDERED**.


Dated:    May 26, 2017                    /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE